# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JONATHON MICHAEL HANKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00888-TWP-DML |
| ) | |
| JOHNSON COUNTY ADULT AND CHILD ) | |
| MENTAL CARE AGENCY and JOAN RYAN, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS

This civil action was filed by Jonathan Michael Hankins ("Mr. Hankins"), against the Johnson County Adult and Child Mental Care Agency ("the Agency"), and Joan Ryan ("Ms. Ryan"), a board certified mental health therapist or specialist employed by the Agency. Mr. Hankins alleges that the defendants denied him adequate mental health services in 2010 while he was incarcerated as a pre-trial detainee at the Johnson County Jail ("the Jail"). The Amended Complaint (Filing No. 16), alleges violations of Mr. Hankins' federal constitutional rights as well as state law claims.

## I.  BACKGROUND

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

*See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

Mr. Hankins' federal claims are brought pursuant to 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005). The Constitution imposes a duty on prison officials to provide medical care to inmates. *See Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). Because Mr. Hankins was a pretrial detainee, it is the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment which is the source of this right. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979)). However, courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the protections of the Fourteenth Amendment's due process clause are at least as broad as those

that the Eighth Amendment affords to convicted prisoners. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012)(citing cases).

The Amended Complaint is now subject to this screening requirement. Applying the standards set forth above, certain claims against Ms. Ryan shall proceed while other claims are dismissed.

**A.** **State Actors**

As a preliminary matter, the Court recognizes that "The [] Fourteenth Amendment[] to the Constitution protect[s] citizens from conduct by the government, but not from conduct by private actors, no matter how egregious that conduct might be." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 815 (7th Cir. 2009). It appears that the Defendants are private actors, because (according to its website) the Agency is a 501(c)(3) not for profit agency focused on providing mental health and child welfare services in Central Indiana. However, the "conduct of private actors, in some cases, can constitute state action." *Id.* For conduct of a private actor to be characterized as state action "the deprivation of constitutional rights must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person … who may fairly be said to be a state actor." *Id.* (internal quotations and alterations omitted) (*quoting Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)). Thus, whether Mr. Hankins can state a claim depends entirely on whether Defendants' conduct can be characterized as a state or purely private action. *Id.* State action requires "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary School Athletic Assn'n.,* 531 U.S. 288, 295 (2001) (internal quotations omitted) (*quoting Jackson v. Metropolitan Edison Co*., 419 U.S. 345, 351 (1974). The Supreme Court has identified numerous situations where private action

can become that of the state, such as: when private actors conspire or are jointly engaged with state actors; where the state compels the discriminatory action; when the state controls a nominally private entity or is entwined with its management or control; or when the state delegates a public function to a private entity. *Hallinan,* 570 F.3d at 815–16 (and cases cited therein).

Mr. Hankins effectively alleges in his Amended Complaint that the Jail contracted with the Agency to provide, oversee, and administer mental health care to its detainees. These allegations are sufficient to allege that the Sheriff delegated the public function of providing necessary medical care to a private entity. Whether this is true is a question for a later time.

**B.     Joan Ryan**

Assuming that Ms. Ryan, an employee of the Agency, was acting under color of state law as alleged in the complaint, the claim that Ms. Ryan was deliberately indifferent to Mr. Hankins' serious mental health needs as required by the Fourteenth Amendment shall proceed. Specifically, Mr. Hankins alleges that Ms. Ryan knew that Mr. Hankins needed mental health care, she was solely responsible for providing Mr. Hankins with mental health care, and she failed to provide necessary treatment.

In allowing this federal claim to proceed, however, the Court notes that Ms. Ryan is only responsible for her actions (or inactions) and not the actions of others. *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012) (§ 1983 liability requires a defendant's personal involvement in the alleged constitutional violation). In addition, the only plausible claim for relief is that Ms. Ryan failed to provide mental health services; there is no basis to conclude that she was responsible for Mr. Hankins' overall conditions of confinement as those conditions are necessarily the responsibility of custodial staff. If the Sheriff did delegate a public function (providing medical

4

care to pre-trial detainees) to a private entity (the Agency), that delegation is necessarily limited to the provision of mental health care services.[1]

The state law claims of medical malpractice, negligence and intentional infliction of emotional distress shall also proceed against Ms. Ryan pursuant to this Court's supplemental jurisdiction.

**C.     The Agency**

A not-for-profit corporation is not vicariously liable under 42 U.S.C. § 1983 for its employees' deprivations of others' civil rights, but can only be liable if the injury alleged is the result of a policy or practice. *Hahn v. Walsh*, 762 F.3d 617, 639 (7th Cir. 2014) (citing *Minix v. Canarecci,* 597 F.3d 824, 834 (7th Cir. 2010) (noting that "a corporation that contract[s] with [a] jail to provide medical services ... is treated the same as a municipality for liability purposes under § 1983")). The Amended Complaint alleges that the Agency had an unconstitutional policy and practice which subjected Mr. Hankins to injury but that policy is not identified. In addition, the Amended Complaint alleges that Ms. Ryan purposefully violated the Agency's procedural care guidelines. The Agency can be held liable under § 1983 (if at all) only if it has adopted a "policy or custom" that resulted in the deprivation of the plaintiff's constitutional rights. *Bennett v. Roberts*, 295 F.3d 687, 699 (7th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. No allegation of such a policy or custom on the part of the Agency is alleged here, and hence no viable claim is asserted against it. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has

---

[1] The Court notes that this action was severed from 1:12-cv-683-TWP-DML. Mr. Hankins' conditions of confinement claims are currently proceeding in that action.

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Jones v. Bock,* 127 S.Ct. 910, 921 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief."). Accordingly, the claims against the Agency must be dismissed.

D.      **ADA and Rehabilitation Act**

Mr. Hankins also claims violations of the Rehabilitation Act, 29 U.S.C. §§ 794–94e, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–213. Mr. Hankins alleges that he is a qualified individual with a physical disability who requires the use of a wheelchair. He alleges that Ms. Ryan and the Agency denied him use of a wheelchair and as a result he was forced to crawl around in human waste while detained in the Jail's padded psychiatric medical isolation cell. He also alleges that he has a mental disability and was denied adequate mental health care.

These statutory claims must be dismissed against Ms. Ryan because individual employees are not amenable to suit under the Rehabilitation Act or the ADA. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (collecting authority)).

These statutory claims must also be dismissed against the Agency. Title II of the ADA requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services ... of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2003). The ADA defines "public entity" as 1) any state or local government; 2) any department, agency, special purpose district, or other instrumentality of a state or states or local government; and 3) the National

Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49). The Agency appears to be a non-profit organization and not a "public entity." In addition, there are no facts alleged in the Amended Complaint upon which the Court could conclude that the Agency is a public entity.

Similarly, claims against the Agency pursuant to the Rehabilitation Act are dismissed. The Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.
> . . . .

Even assuming that the Agency receives federal funds, there is no plausible basis upon which this Court could conclude that Mr. Hankins was excluded from participating in, denied the benefits of, or was subjected to discrimination by the Agency on the basis of his disability (either mental health or need for a wheelchair). The Agency provides mental health services, not wheelchairs. In addition, it is contrary to common sense to suggest that the Agency denied Mr. Hankins mental health services solely because he is mentally ill. Similarly, there is no allegation that Mr. Hankins was denied mental health services because he requires the use of a wheelchair.

## II.  CONCLUSION

The Court has identified a single viable claim federal claim in the Amended Complaint. That claim is that Ms. Ryan was deliberately indifferent to Mr. Hankins' mental health needs in violation of the Fourteenth Amendment. Three state law claims shall also proceed against Ms. Ryan: 1) medical malpractice, 2) negligence, and 3) intentional infliction of emotional distress pursuant to this Court's supplemental jurisdiction. All other claims are dismissed.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

Counsel for Ms. Ryan has appeared in this action and shall have thirty (30) days from the date this Entry is docketed in which to answer or otherwise respond to the Amended Complaint (taking into consideration the rulings made in this Entry).

**SO ORDERED.**

Date: 10/21/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jonathon Michael Hankins
33 Lazy Acre Estates
Greencastle, Indiana 46135

David E. Joe
KRIEG DEVAULT LLP
djose@kdlegal.com

Lauren C. Sorrell
KRIEG DEVAULT LLP
lsorrell@kdlegal.com

Stacy Walton Long
KRIEG DEVAULT LLP
slong@kdlegal.com